**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **IAN C. TROTMAN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-01837** |
| **FIRST HOME MORTGAGE CORP.,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Ian C. Trotman ("Plaintiff"), who is self-represented, filed a three-count Amended Complaint in this Court against First Home Mortgage Corporation ("FHMC"), asserting claims relating to his mortgage loan. ECF 7. FHMC filed a Motion to Dismiss Plaintiff's Amended Complaint, ECF 8, and Plaintiff filed an opposition, ECF 13. Plaintiff also filed two additional motions: (a) a request for Clerk's Entry of Default, ECF 11, and (b) a Motion for Liberal Construction of Pro Se Pleadings, ECF 12.[1] FHMC opposed both motions. ECF 14, 18. This Court has reviewed the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Plaintiff's Motion for Liberal Construction will be GRANTED because that is the standard applicable to all filings by self-represented litigants. For the reasons stated herein, Plaintiff's Motion for Clerk's Entry of Default will be DENIED, and FHMC's Motion to Dismiss will be GRANTED. Plaintiff's Amended Complaint will be dismissed without prejudice.

[1] Plaintiff separately filed a request for discovery pursuant to Fed. R. Civ. P. 56(d). ECF 15. That request is denied as premature and unnecessary because FHMC has not filed a Rule 56 summary judgment motion.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Amended Complaint. ECF 7. Plaintiff is a military Veteran eligible for a home loan guaranteed by the Veterans' Administration ("VA"). ECF 7 ¶ 4. He entered a mortgage transaction on March 13, 2026, with FHMC to finance his purchase of a residential property in Baltimore, Maryland. *Id.* ¶ 5. His mortgage is a VA-guaranteed loan. *Id.* ¶ 7. Despite what Plaintiff characterizes as having "an exceptionally strong financial profile," FHMC offered him an Annual Percentage Rate of 7.125%, which Plaintiff alleges is "predatory." *Id.* ¶¶ 6, 8.

Plaintiff also alleges that Defendant violated VA lending guidelines by charging impermissible fees at settlement. Specifically, Plaintiff's settlement statement reflects a $2,209 "origination fee" and he was later asked to pay a "disguised" "extension fee" in that same amount. *Id.* ¶¶ 11, 12. Plaintiff asserts that VA guidelines limit a lender to a flat 1% origination fee. *Id.* ¶ 10.

## II. MOTION FOR CLERK'S ENTRY OF DEFAULT

Plaintiff contends that default should be entered because FHMC's Motion to Dismiss was three days late. ECF 11. That argument is unavailing. FHMC's motion was due on Friday, July 3, 2026, a federal holiday. Because the court was closed, the deadline moved to the next business day, Monday, July 6, 2026. FHMC's motion was therefore timely filed and default is not warranted. Plaintiff's Motion for Clerk's Entry of Default, ECF 11, is therefore denied.

## III. LEGAL STANDARDS FOR MOTION TO DISMISS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[2]

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the

---

[2] FHMC also argues for dismissal pursuant to Rule 12(b)(5), alleging that the process server delivered the summons but not the Amended Complaint. ECF 8-1 at 8. Plaintiff concedes the error, ECF 13 at 1, but represents that service will be corrected within the 90 day service window. This Court, therefore, focuses on FHMC's 12(b)(6) arguments.

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin*., 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. 10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in the judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting a self-represented plaintiff's argument that the district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

**IV. ANALYSIS**

Plaintiff asserts three claims. Count I is a violation of the Maryland Consumer Protection Act ("MCPA"), Count II is "Unconscionable Contract," and Count III is "Violation of VA Lending Regulations & Breach of Good Faith." ECF 7. Each count is addressed in turn.

Beginning with Count I, to state an MCPA claim, a plaintiff must allege "(1) an unfair or deceptive practice ... that is (2) relied upon, and (3) causes them actual injury." *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 270 (D. Md. 2015) (internal quotation omitted). The MCPA defines unfair or deceptive practices to include both misrepresentations, Md. Code Ann., Com. Law § 13-301(1), and material omissions, *id.* § 13-301(3). Plaintiff alleges FHMC engaged in two "unfair or deceptive practices": (1) the "act of representing a 7.125% APR as a fair rate for a highly-qualified Veteran" and (2) "the deceptive assessment of an illegal $2,209 'Extension Fee.'" ECF 7 ¶ 17.

The Amended Complaint contains no factual allegations suggesting that FHMC ever represented that a 7.125% APR is a "fair rate." Even had such a representation been made, it would be too vague to support a misrepresentation claim. A misrepresentation claim cannot be based on statements that "arise out of opinions or mere puffery-statements that are 'extravagant in scope

and measure' and 'elusive in meaning.'" *Dierker v. Eagle Nat. Bank*, 888 F. Supp. 2d 645, 652 (D. Md. 2012) (quoting *Milkton v. French*, 159 Md. 126 (1930)). Fairness is in the eye of the beholder, and that characterization or opinion would not comprise an actionable misrepresentation.

With respect to the extension fee, Plaintiff has not alleged sufficient facts to provide fair notice of his claim. Other than his conclusory assertion that the fee was "disguised," Plaintiff has not explained how the imposition of the fee amounted to a deceptive practice. Should Plaintiff wish to pursue an MCPA claim on this issue, he must seek to amend his complaint to assert facts showing how FHMC's actions imposing the fee were deceptive. His allegation that the fee violated VA guidelines will be addressed in Count III below.

In Count II, Plaintiff asserts a claim for "unconscionable contract," asserting that "[t]he terms of this mortgage contract are so heavily one-sided as to shock the conscience, constituting substantive unconscionability." ECF 7 ¶ 19. Initially, Plaintiff cites no authority suggesting that "unconscionable contract" is a viable claim for relief. Typically, "[r]elief for unconscionable contracts is a defensive measure, 'it is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery.'" *In re Douglas*, 623 B.R. 715, 726 (Bankr. D. Md. 2020) (quoting *In re BH Sutton Mezz LLC*, No. AP 16-01187 (SHL), 2016 WL 8352445, at *14 (Bankr. S.D.N.Y. Dec. 1, 2016)). Here, Plaintiff seeks to use it as a "sword" to obtain monetary recovery from FHMC, and so he fails to state a claim upon which relief can be granted.

Even if it were a viable affirmative claim, Plaintiff has not alleged facts sufficient to state a plausible unconscionability claim. As the Maryland Court of Appeals has reasoned:

> The prevailing view is that both procedural and substantive unconscionability must be present in order for a court to invalidate a contractual term as unconscionable. *Doyle*, 173 Md. App. at 383, 918 A.2d 1266 (citing *Holloman*, 391 Md. at 603, 894 A.2d 547 (Bell, C. J., and Greene, J., dissenting)); see RESTATEMENT (SECOND) OF CONTRACTS, § 208 ("gross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm

> indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms"). Although this precise statement has only been made by a dissenting minority of the Court of Appeals, we believe that it accurately reflects Maryland Law as set forth in *Walther*, 386 Md. at 430–31, 872 A.2d 735:
>
>> A contract of adhesion is not automatically deemed *per se* unconscionable.... Therefore, even assuming *arguendo* that the [contract in question] is in fact a contract of adhesion, that is not the end of the inquiry—we must examine the *substance* of the particular provision at issue, the arbitration clause, to decide whether it is unconscionable.
>
> Procedural unconscionability "deals with the process of making a contract" and "looks much like fraud or duress." *Id.* at 426–27, 872 A.2d 735 (citations omitted). It includes concerns such as the use of "fine print and convoluted or unclear language," and "deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms" and "one party's lack of meaningful choice." *Id.* (citations omitted).
>
> Substantive unconscionability involves those one-sided terms of a contract from which a party seeks relief ..., and [it] reminds us of contracts or clauses contrary to public policy or illegal. *Id.* at 427, 872 A.2d 735 (quoting *Carlson v. General Motors Corp.*, 883 F.2d 287 (4th Cir.1989)). There is some threshold of imbalance, and we "will not simply excise or ignore terms merely because, in the given case, they may operate to the perceived detriment of the weaker party." *See Walther*, 386 Md. at 431, 872 A.2d 735 (quoting *Meyer v. State Farm Fire & Cas. Co.*, 85 Md.App. 83, 90, 582 A.2d 275 (1990)). Substantively unconscionable terms are "unreasonably favorable to the more powerful party," "impair the integrity of the bargaining process or otherwise contravene the public interest or public policy," "attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law," or are otherwise "unreasonably and unexpectedly harsh." *Walther*, 386 Md. at 426, 872 A.2d 735.

*Freedman v. Comcast Corp.*, 190 Md. App. 179, 207–09, 988 A.2d 68, 85–86 (2010).

Plaintiff's Amended Complaint is devoid of any allegations regarding the process of entering into his mortgage loan contract. He has not alleged any deception or refusal to bargain on behalf of FHMC or how he lacked a meaningful choice about whether to accept FHMC's proposed terms or not. In the absence of such allegations, Plaintiff has not stated the "procedural unconscionability" component required for a claim of unconscionability. Further, he has not

alleged facts establishing how the terms of his mortgage are conscience-shocking or heavily one-sided, other than his conclusory assertions that they are. More is needed to plausibly suggest unconscionability.

Finally, Count III asserts a claim for "violation of VA lending regulations & breach of good faith." Congress has provided no private right of action for alleged violations of VA regulations. *See, e.g.*, *Williams v. AmeriSave Mortg. Corp.*, No. CV 25-2053, 2026 WL 177579, at *7 n.9 (D. Md. Jan. 21, 2026); *see also Wright v. Wells Fargo Bank NA*, No. 6:22-cv-00261-HMH-KFM, 2022 WL 2668442, at *6 (D.S.C. Apr. 6, 2022) ("[T]here is no private right of action for borrows to sue lenders regarding violations of VA regulations."), *report and recommendation adopted*, No. 6:22-CV-00261- JD-KFM, 2022 WL 3636464 (D.S.C. Aug. 23, 2022), *aff'd*, No. 22-2021, 2024 WL 49854 (4th Cir. Jan. 4, 2024). And Maryland law does not contemplate a cause of action for breach of duty of good faith, outside another claim such as breach of contract. "A breach of the implied duty of good faith and fair dealing is better viewed as an element of another cause of action at law, *e.g.*, breach of contract, than as a stand-alone cause of action for money damages, and . . . no independent cause of action at law exists in Maryland for breach of the implied duty of good faith and fair dealing." *Mount Vernon Properties, LLC. v. Branch Banking and Tr. Co.*, 170 Md. App. 457, 472 (2006); *see also Baker v. Sun Co.*, 985 F. Supp. 609, 610 (D. Md. 1997) ("Maryland does not recognize an independent cause of action for breach of the implied contractual duty of good faith and fair dealing."). Because Plaintiff has not asserted a breach of contract claim or other viable claim to which the implied contractual duty could attach, he has not stated a viable good faith-related claim.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Liberal Construction, ECF 12, is GRANTED and his Motion for Clerk's Entry of Default, ECF 11, is DENIED. FHMC's Motion to Dismiss, ECF 8, is GRANTED and Plaintiff's claims are dismissed without prejudice. This case will be closed, subject to reopening should Plaintiff file a motion for leave to file a second amended complaint within thirty days of the date of this opinion in accordance with the Local Rules of this Court. A separate Order follows.

Dated: September 3, 2026

/s/
Stephanie A. Gallagher
United States District Judge