**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **IAN C. TROTMAN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-26-1837** |
| | * | |
| **FIRST HOME MORTGAGE CORP.,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Ian C. Trotman ("Plaintiff") seeks leave to file a Second Amended Complaint. ECF 23. Defendant First Home Mortgage Corporation ("FHMC") opposed the motion, arguing futility. ECF 26. Plaintiff has filed a reply, ECF 27. For the reasons stated herein, Plaintiff's motion to amend will be granted, without prejudice to FHMC's ability to renew its substantive arguments in a motion to dismiss.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

FHMC argues that the proposed amendment would be futile because the proposed amended complaint fails to state a claim. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

Plaintiff's proposed Second Amended Complaint asserts two counts: a breach of contract claim attempting to recast allegations that FHMC violated the origination cap in 38 C.F.R. § 36.4313, and a violation of the Maryland Consumer Protection Act premised on an intentional misrepresentation of "the nature of the fees charged to Plaintiff at closing." ECF 23-1 at 2. FHMC argues that the first count still fails because of the lack of private right of action for borrowers to sue for violation of Veterans' Administration (VA) regulations and the second count still fails to plead fraud with particularity. ECF 26. Without reaching the merits of either argument at this point, the revised allegations in the proposed Second Amended Complaint attempt to address the deficiencies identified by this Court in its opinion and order dismissing the Amended Complaint. ECF 21. Those allegations, and the proposed Second Amended Complaint itself, cannot fairly be described as "clearly insufficient or frivolous on its face." Futility therefore does not provide a basis for its dismissal.

Accordingly, this Court will grant leave to amend and permit Plaintiff to file ECF 23-1 as his Amended Complaint. FHMC, of course, is free to refile its futility arguments for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat

lacking in efficiency, allowing Plaintiff's amendment will not prejudice FHMC and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will (1) grant ECF 23 and (2) direct the Clerk to file ECF 23-1 as the Amended Complaint.

Dated: October 13, 2026

/s/
Stephanie A. Gallagher
United States District Judge